## WILLIAM PRESCOTT *versus* EBENEZER N. PETTEE *et al.*

An execution levied on land must be returned into the clerk's office in order to complete the title of the creditor; but if it has been returned before it is offered in evidence of such title, although after the return day, it will be sufficient.

THIS action, which was a *writ of entry*, came before the Court upon a case stated.

On the 19th of June, 1822, Wild, one of the tenants, caused the demanded premises to be attached on a writ, which he sued out of the Boston Court of Common Pleas for the county of Suffolk, against one Fisher. He recovered a judgment thereon at October term 1823 of that court, and within thirty days after the rendition of the judgment extended his execution on the land attached. The execution, with the officer's doings thereon, was duly recorded in the registry of deeds on the 28th of February, 1824, within three months from the time of the extent, but it was not returned to the Court of Common Pleas next thereafter holden for the county of Suffolk, nor into the clerk's office, until the 1st of June, 1824, which was after the court had adjourned without day.

The demandant claimed under a deed of mortgage made by Fisher on the 23d of September, 1823, which was duly acknowledged and recorded. It was agreed that the parties might offer evidence to the Court to show that the mortgager and the mortgagee, at the time of making the deed of mortgage, had or had not notice of the attachment.

The judgment was to be for the demandant, or for the tenants, according as the opinion of the Court should be upon these facts.

The case depended upon the construction to be given to *St.* 1783, *c.* 57, § 2, [Revised Stat. *c.* 73, § 17,] which, after prescribing the mode of extending executions, says, " which execution, being returned with the doings thereon into the clerk's office, and before such return into the clerk's office or afterwards, and within three months, the same shall be recorded in the registry of deeds in the county where the land lays, shall make as good title to such creditor &c. as the debtor had therein.' '

*Metcalf* for the plaintiff. A title under an extent is a statute title, and the requirements of the statute must be strictly complied with. The execution must be returned into the clerk's office ; *Ladd* v. *Blunt*, 4 Mass. R. 402 ; *Sullivan* v. *M'Kean*, 1 N. Hamp. R. 371 ; and it must be returned at the return day, or at most, (as where the officer has not then had time to complete the service,) within a reasonable time after. *Prescott* v. *Wright*, 6 Mass. R. 20 ; *Tobey* v. *Leonard* 15 Mass. R. 200 ; *Waterhouse* v. *Waite*, 11 Mass. R. 207 Most of the cases which have a bearing on the present question were actions of debt on judgment by the creditor against the debtor, as between whom the title might be good, when it would not avail against a person claiming, like the demandant, by an inter vening title. *M'Lellan* v. *Whitney*, 15 Mass. R. 137 ; *Lawrence* v. *Pond*, 17 Mass. R. 433 ; *Gorham* v. *Blazo*, 2 Greenl. 232. The argument *ab inconvenienti* is strong to show that the execution must be returned according to its precept ; for if it is not registered within the three months, when is it to be, with safety to the creditor ? The officer would be liable for nominal damages at least for neglecting to make such return.

The *Chief Justice* said the question appeared to be, whether a return of the execution into the clerk's office, according to its precept, was not a condition precedent to complete the title ; so that the question of notice did not seem to be important.

*A. Townsend* for the tenants.

PARKER C. J. delivered the opinion of the Court. The tenants' title is the elder one, and has therefore the preference in law, unless by reason of the execution's not being returned into the clerk's office more seasonably their title is defeated and the subsequent conveyance by Fisher is let in ; so that we are brought to the consideration of the words of the statute, which seem to require a return of the execution into the clerk's office at some time or other, in order to complete the judgment creditor's title.

We think it very clear that it is not required by the words of S. 1783, c. 57, § 2, [Revised Stat. c. 73, § 17,] that the

*Prescott*
*v.*
Pettee.
*Oct. 26th.*

*Suffolk,*
*March 28th,*
*1826.*

execution shall be returned into court, or into the clerk's office, during the sitting of the court to which, by the words of the precept, it ·is returnable, for it need not be returned until after it has been recorded in the registry, and that may be done at any time within ninety days from the time of the levy ; and the levy, if begun on the day before the sitting of the court, may be proceeded in and completed, so that it cannot be returned according to the words of the precept.

It is difficult to arrive at the meaning of the legislature in regard to the return of the execution into the clerk's office. No time is fixed, as in the case of recording, and it seems not to be very material, in regard to the interests of any, that the execution should be so returned. All the purpose of notice is answered by the registry in the place where all other conveyances of real estate are to be found. Still we are not at liberty to reject the words as wholly unmeaning, though we must take care not to give greater force to them than was intended by the legislature, or has been practically understood.

It may help us to a right construction, to consider how the law stood before the passing of this statute. A colonial law of 1675 (Anc. Chart. &c. 143) declares, that in case of houses or lands taken upon execution, it concerns the person or persons to whom the execution is delivered, to see it duly recorded, which being done, shall be a legal assurance of such houses, &c. This recording was no doubt to be in the office of the clerk of the court from which the execution issued, there being either no register, or the clerk of the court acting as such, though it was not until 9 Will. 3 (Anc. Chart. &c. 305) that the clerk was by law the recording officer of deeds.

The provincial statute of 2 *Geo.* 1 (Anc. Chart. &c. 413) after providing for the manner of levying executions upon land, says, "which *being returned* and · *recorded* shall be a good title to the creditor." No time is here fixed for returning or recording. It is probable the return must have been on the return day,· and the recording in the course of business in the clerk's office. If so, we cannot suppose that an attachment or deed made between the return and the recording would intercept the judgment creditor's title. At this time

there was a registry for deeds distinct from the clerk's office, but executions by which real estate had been taken, continued to be recorded in the clerk's office only.

In 6 *Geo.* 1 (Anc. Chart. &c. 424) another statute was passed on the same subject, and the words of this statute are, " which *being returned and recorded* in the clerk's office, out of which the same issued, shall" &c. Here again it may be asked, whether if seasonably returned but not recorded for a time, six months, or a year, the title would be defeated, however in such case the party would have done all that he could, and the delay would not be his fault.

In 8 & 9 *Geo.* 2 (Anc. Chart. &c. 502) another act was passed, which provided that " all executions that shall here after be levied on lands or tenements, and the proceedings thereon, shall &c., within three months after such levying, be entered in the office of the register of deeds for the county where such lands lie." Here it will be observed there is no provision for the return of the execution into the clerk's office ; and as the next statute upon this subject is that now in force, this historical deduction will enable us probably to ascertain what was intended by the terms used by the legislature.

In the present statute they intended to require that execution titles should be recorded in the public registry. They meant to allow three months for this to be done, and they intended that the execution should not, as before, lie in the register's office, or perhaps be destroyed, but should be returned to its proper place. The words, *being returned into the clerk's office*, have the same meaning as the words before used, *being recorded*. No time was intended to be fixed ; nor was it necessary, for the notice was to be from the register's office. It was little more than a direction what to do with the execution after it should be recorded.

But without doubt one who wishes to maintain a title upon a levy in court, must show that the execution had been returned. That an interval however has passed after the return day, when it had not been returned, if all the other proceedings are perfect, we think cannot destroy a title even as to a

<div style="margin-left:2em">

Prescott
v.
Pettee.

</div>

purchaser in the intermediate time, since by going to the registry of deeds he may ascertain how the title stands.[1]

*Judgment for the tenants.*

---

[1] See the provision made upon this head, in the Revised Stat. *c.* 73, § 18, 19, 20. See also *Welsh* v. *Foy,* 13 Pick. 481 ; *Emerson* v. *Crole* 5 Greenl. 197.